UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR-08-344-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM ORDER** |
| vs. | ) | |
| RICHARD HAS THE PIPE, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Notice of Appeal of Detention Order (Docket No. 235) and Motion for Release from Custody Pending Sentencing (Docket No. 237). The Court held a hearing on the appeal and motion for release on May 26, 2010. The Defendant testified and called his daughter as a witness regarding her need for a kidney transplant. The Government called United States Deputy Marshal Pete Thompson as a witness.

Having heard the testimony and argument of counsel, the Court orally denied the appeal and request for release and ordered the Defendant's counsel to determine if the transplant testing could be done in Pocatello. The Court indicated it would file a written order and for the reasons set forth below, the Court affirms the detention order imposed by Magistrate Judge Ronald E. Bush at the change of plea hearing held on May 7, 2010 (Docket No. 213) and denies the motion for release.

MEMORANDUM ORDER - 1

## BACKGROUND

Defendant was charged in a Superseding Information (Docket No. 210) with possession with intent to distribute a mixture of substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Section 841(b)(1)(C) provides for a sentence of imprisonment of not more than twenty (20) years.

On May 7, 2010, Defendant entered a plea of guilty to the Superseding Information before Judge Bush. Because the offense arises under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.) and carries a maximum term of imprisonment of ten (10) years or more, Judge Bush ordered Defendant detained pursuant to 18 U.S.C. § 3143(a)(2) after finding that he could not meet the conditions for release set forth in that provision. Judge Bush concluded that he had no discretion to release Defendant although he indicated that he possibly would release him if he had the discretion.

Sentencing is set for July 27, 2010. Based on what he believes to be exceptional reasons, Defendant seeks review of the detention order pursuant to 18 U.S.C. § 3145(b) and release pending sentencing pursuant to § 3145(c). The Government, while not disputing the factual basis of Defendant's stated justifications for release, opposes release on the grounds that Defendant has not made the requisite showing.

## STANDARD OF REVIEW

Review of a magistrate judge's detention order is de novo, but the district court "is not required to start over in every case, and proceed as if the magistrate's decision and findings do not exist." *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990). The district court must make its own independent determination on the correctness of the magistrate's findings without deference to those findings. *Id*. In

aid of that determination, the district court may conduct an evidentiary hearing whether or not new evidence is offered that was not before the magistrate. *Id*. at 1193. Finally, the district court's final decision on the detention issue is to be made without deference to the magistrate's decision. *Id*.

## DISCUSSION

**A.  Applicable Statutes**

Section 3143(a)(2) provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Defendant pled guilty to an offense described in § 3142(f)(1)(C) in that it is an offense under the Controlled Substances Act with a maximum term of imprisonment of ten (10) years or more. There is no dispute that Defendant is not likely to flee or pose a danger to any other person or the community. However, Defendant fails to meet the exceptions stated in § 3143(a)(2)(A). Because Defendant pled guilty, § 3143(a)(2)(A)(i) is inapplicable. Furthermore, the Government stated at the plea hearing that they will be recommending that a sentence of imprisonment be imposed. Therefore, § 3143(a)(2)(A)(ii) is inapplicable as well.

Perhaps recognizing the futility of being released under § 3143(a)(2), Defendant

MEMORANDUM ORDER - 3

argues that he meets the conditions for release under § 3143(a)(1) because the "other than" exception applies to his case. Section § 3143(a)(1) provides as follows:

> Release or detention pending sentence.– (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, *other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment*, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added).

Defendant contends that if he prevails in his drug quantity argument at sentencing, the offense level will fall within Zone B which allows a sentence of probation and that factors considered under 18 U.S.C. 3553(a) will weigh heavily in favor of a sentence of probation. Defendant theorizes that brings him within the "other than" exception in § 3143(a)(1). The Court is not persuaded.

By its clear terms, § 3143(a)(1) excepts cases that fall within § 3143(a)(2). In other words, if § 3143(a)(2) applies, as it does here, then § 3143(a)(1) is not even considered. Furthermore, Defendant's argument is based purely on speculation that he will prevail in his drug quantity argument at sentencing. The Court does not have before it the presentence report or the parties arguments related to drug quantities and it is premature to address such an argument. Moreover, whether § 3553(a) factors would lead to a sentence of probation is irrelevant to the stated exception because the exception refers only to the sentencing guidelines themselves.

Because § 3143(a)(1) is inapplicable and § 3143(a)(2) clearly applies, Judge Bush was correct in imposing an order of detention. However,

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate*.

18 U.S.C. § 3145(c) (emphasis added).

There had been some disagreement among district courts as to whether district court or only courts of appeal may consider exceptional reasons. However, the Ninth Circuit takes the view of other circuits that have addressed the issue that although the "exceptional reasons" provision appears in a subsection that applies to appellate courts, the district court may determine whether there are exceptional reasons justifying release. *See United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003). Stated another way, the language in the caption to § 3145(c) (Appeal from a release or detention order) is trumped by the language of the section itself. *United States v. Rodriguez*, 50 F.Supp.2d 717, 719 (N.D. Ohio 1999) (citing *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)).

**B.     Exceptional Reasons**

*Garcia* "place[d] no limit on the range of matters the district court may consider" and counseled that "the court should examine the totality of the circumstances and . . . determine whether, due to any *truly unusual* factors or combination of factors . . . it would be unreasonable to incarcerate the defendant . . . ." *Garcia*, 340 F.3d at 1019 (emphasis added).[1]   However, *Garcia* concluded:

---

[1] *Garcia* suggested some possible exceptional reasons, some of which are not relevant here because they address concerns of a defendant who is seeking release pending appeal: (1)

> Hardships that commonly result from imprisonment do not meet the standard [of exceptional circumstances]. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in *truly unusual circumstances* will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal.[2]

*Id.* at 1022 (emphasis added).

Defendant offers several reasons why he should be released pending sentencing which the Government claims are either common to many defendants or can be addressed in jail. The Court has reviewed each reason and comments as follows:

1. **Defendant performed well on pretrial release.** – Many defendants perform well on pretrial release. The Court expects nothing less and will revoke release for a defendant who does not.

2. **Defendant is prohibited while incarcerated from taking pain medication and continuing physical therapy following knee surgery.** The Court is unaware of any prohibition in local jails against taking prescribed pain medication. Indeed, the Court has taken many pleas from incarcerated defendants who are taking prescribed medication for pain or other conditions. The testimony of United States Deputy Marshal Thompson indicated if there was a need for certain medication, medical information could be provided to the Marshal's office and they would ensure Defendant was receiving his necessary medications while in custody. Furthermore, the Court sees know reason why Defendant would not be permitted to perform any physical therapy exercises prescribed by his physician while he is incarcerated and has provided no evidence that physical therapy is not provided if medically necessary.

---

aberrational behavior in reaction to an "unusually provocative circumstance" by a defendant who has led an otherwise exemplary life; (2) as relevant here, a drug offense that was "sufficiently dissimilar" from other drug offenses; (3) defendant would have served most or all of his sentence prior to his appeal being decided; (4) unusual hardships such as a defendant's "sufficiently serious illness or injury;" (5) the desirability of maintaining an "uninterrupted course of treatment;" (6) the nature and strength of the defendant's arguments on appeal;" (7) whether the defendant is "exceptionally" unlikely to flee or cause a danger to the community; and (8) whether the defendant was "unusually" cooperative with the government. *Garcia*, 340 F.3d at 1019-21.

[2] *Garcia* noted that the principles discussed are equally applicable to cases involving defendants seeking release pending sentencing and those seeking release pending appeal. *Garcia*, 340 F.3d at 1015 n.2.

MEMORANDUM ORDER - 6

3. **Defendant's orthopedic surgeon plans to perform the same surgery on his other knee**. The Defendant testified that his doctor would like to perform surgery on his other knee, but he did not testify that this surgery was medically necessary at this time. The Court is confident the local jail facility and the Marshal's office can arrange for medical care should it become necessary as can the Bureau of Prisons after sentencing.

4. **Defendant's daughter has begun kidney dialysis and Defendant is being considered a potential kidney donor.** While this may rise to the level of an exceptional circumstance if Defendant were actually qualified as a donor for a transplant to occur in the near future, the mere fact that he is being considered as a potential donor does not. The Court finds that the necessary testing to determine if the Defendant is a potential donor can be done in Pocatello and the Marshal's office has agreed to transport the Defendant for necessary testing to be done at Defendant's own expense. If the testing reveals, Defendant is a qualified kidney donor, the Defendant can move for reconsideration of this detention order.

    Defendant also suggests that his assistance is needed to care for his daughter and her children during dialysis treatments. The Daughter testified that she has other family members that are able to assist her but such immediate family members are not donor candidates based on their medical histories. Further, the charges have been pending for quite some time during which Defendant could have arranged substitute care. *See United States v. Bonczek*, Slip Copy, 2009 WL 2924220 (S.D.N.Y. Sept. 8, 2009) (finding defendant's "personal situation" of being the primary caretaker for his ill partner to be typical of many criminal defendants and neither remarkable nor uncommon.)

5. **Defendant's attempts to cooperate pursuant to the terms of the Plea Agreement will be more difficult since agents in Montana will have to travel to Pocatello, Idaho, to debrief him.** The Government has indicated in its response that because of statements made by Defendant, the Government is unwilling to make a § 5K1.1 motion. Therefore, this issue appears to be moot. In any event, if investigators felt Defendant had valuable information to provide, they would no doubt travel to him for debriefing or seek a temporary release to cooperate with law enforcement. In any event, desire to cooperate with the Government is not an exceptional reason for release. *See United States v. Miller*, 568 F.Supp.2d 764, 777 (E.D.Ky. 2008) (citing *United States v. Douglas*, 824 F.Supp. 98, 99 (N.D.Tex. 1993).

6. **The presentence investigator is located in Coeur d'Alene and he needs to travel there for his PSR interview.** – Presentence investigators are frequently located in offices some distance away from a prisoner. Convenience to a presentence investigator is not a valid reason much less an exception reason justifying release and the probation office has indicated to the Court that the interview can be telephonically if necessary.

7. **A trial is set for June 14, 2010 in Helena, Montana, on charges of issuing bad checks in which he is asserting an alibi defense and needs clear his name.** It is not at all unusual for defendants to have state court charges pending. It appears from the Order Continuing Jury Trial (Docket No. 236-3) attached to Defendant's supporting memorandum that the case has been pending long enough that trial was initially set for April 5, 2010. Defendant has had adequate time to try to resolve the charges prior to entering his plea of guilty in this case and has not shown why he cannot seek a continuance of his state court matters.

Aside from the possibility of being a kidney donor for his daughter, Defendant's reasons do not begin to approach the required showing either alone or in taken together. "Numerous common circumstances alone" do not constitute exceptional reasons. *United States v. Green*, 250 F. Supp.2d 1145, 1149 (E.D.Mo. 2003) (denying release to defendant who alleged his obligation to his nine children, success in drug treatment, and attempt to negotiate for continued employment following treatment). "Mere" or "purely" personal reasons are not exceptional given that such reasons, including hardship on families and loss of employment, are common to most defendants. *Id*. (collecting cases).

## CONCLUSION

Having reviewed the issue of detention pending sentencing de novo, and duly considered the proffered exceptional reasons for release, the Court affirms the decision of the Magistrate Judge that detention is mandatory and concludes that Defendant has not demonstrated exceptional reasons for release pending sentencing. However, if and when it is determined that Defendant is a suitable kidney donor for his daughter, Defendant may renew his motion for release pending sentencing supported by appropriate affidavits.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Release Pending Sentencing (Docket No. 237) pursuant to 18 U.S.C. § 3145(c) and Notice of Appeal (Docket No. 235) are DENIED.  The Court hereby affirms the detention order imposed by Magistrate Judge Ronald E. Bush at the change of plea hearing held on May 7, 2010 (Docket No. 213).

IT IS FURTHER HEREBY ORDERED that the U.S. Marshal's Service facilitate any necessary testing to determine Defendant's suitability as a kidney donor pending sentencing.

DATED:  **June 4, 2010**

Honorable Edward J. Lodge
U. S. District Judge